IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMETRIUS D. MOORE, #71174,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 14-cv-1356-SMY |
| ) | |
| **MADISON COUNTY JAIL,** ) | |
| **VENICE POLICE DEPARTMENT,** ) | |
| **GARY BOST, OFFICER NGOMA, and** ) | |
| **OFFICER SHELLENBURG,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Demetrius D. Moore, a pretrial detainee at Madison County Jail ("Jail"), filed a complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have falsely accused and imprisoned him for crimes he did not commit.

The case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Upon its initial review, the Court finds that the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure and must be dismissed without prejudice to filing an amended complaint for the following reason.

The primary defect with Plaintiff's complaint is that it is unclear exactly what claims Plaintiff is seeking to assert and against whom he is seeking to assert those claims. The caption

lists only the Madison County Jail and the Venice Police Department. (Doc. 1, p. 6). However, under the section entitled "Defendants," Plaintiff lists Gary Bost (Madison County Jail Superintendent), Officer Ngoma, and Officer Shellenburg. *Id*. Under Defendants Ngoma and Shellenburg, Plaintiff refers to an incident on June 5, 2013, in which Ngoma and Shellenburg (officers with the Venice Police Department) arrested Plaintiff without a warrant and in the process broke two of his teeth. *Id*. at 2. That is the only mention Plaintiff makes of Defendants Ngoma and Shellenburg throughout the complaint. Under the section entitled "Statement of Claim," Plaintiff asserts that on November 7, 2013, he was assigned a new cellmate. *Id*. at 5. Plaintiff states that the new cellmate "came on" to him, but later alleged that Plaintiff had raped him. *Id*. Plaintiff was charged and placed on lockdown, while his cellmate was released from jail. *Id*. The section entitled "Request for Relief" is blank. *Id*. at 6. Plaintiff never states what type of relief he is seeking.

In a document entitled "Supplement," Plaintiff provides further details regarding the incident that occurred on November 7, 2013. (Doc. 3). Plaintiff acknowledges that he and his former cellmate had "contact," but Plaintiff maintains that he did not rape his former cellmate. *Id*. at 1. In addition, Plaintiff discusses subsequent related events including an interrogation by Officer Randy Young (a detective with Madison County), who is not named as a defendant in this case, and the time he spent in lockdown as a result of the alleged false charge of rape. Plaintiff concludes, "I want to sue for being treated like a animal, being held on false charges and violation of my rights to shower, punish for a crime I didn't commit and stress." *Id*. at 2. Again, Plaintiff does not specify what type of relief he is seeking.

Although Plaintiff has named Defendants Madison County Jail, Venice Police Department, Gary Bost, Officer Ngoma, and Officer Shellenburg, the statement of the claim provides no details regarding how each Defendant was involved. *Id.*

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is to ensure that defendants are put on notice of the claims brought against them so that they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Based on the information in the complaint, the Court cannot determine how each individual Defendant was personally involved in the alleged constitutional violations.

For this reason, the Court finds that the complaint, as currently drafted, fails to state a claim in compliance with Rule 8 of the Federal Rules of Civil Procedure and should be dismissed. However, the dismissal is without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order, on or before February 4, 2015. **IT IS FURTHER ORDERED** that upon conclusion of the thirty-five-day period, should Plaintiff fail to file a First Amended Complaint in strict compliance with this Memorandum and Order or if the First Amended Complaint fails to state a claim upon which relief may be granted, this case will be dismissed for failure to comply with an order of this Court and the dismissal shall count as a strike under 28 U.S.C. § 1915(g).  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **FURTHER ADVISED** that he should *include only related claims* in his new complaint.  *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different

defendants belong in separate lawsuits).[1]  The Court notes that the June 5, 2013 incident involving Defendants Ngoma and Shellenburg appears to be wholly unrelated to the incident detailed in the statement of the claim that occurred on November 7, 2013 involving Plaintiff's cellmate and the Jail's response to that incident.  Plaintiff has failed to explain how these two claims are related.  Plaintiff is **WARNED** that if he wishes to avoid severance, and the filing fees which shall attach, he should limit his amended complaint to claims that are factually and legally related.  If he wishes, Plaintiff may, of course, file a separate action (for example, against Defendants Ngoma and Shellenburg related to the incident on June 5, 2013) asserting unrelated claims against different defendants.  The Court offers no opinion on the merit of such a claim at this time.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1);

---

[1] The Federal Rules of Civil Procedure specify when joinder of claims and/or defendants is proper.  Rule 18(a) of the Federal Rules of Civil Procedure permits a plaintiff to assert all of his claims against one defendant in one civil action.  Conversely, Rule 20(a)(2) provides that persons may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.  *See* Fed. R. Civ. P. 20(a)(2).

*Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 31, 2014**

s/ STACI M. YANDLE
United States District Judge